The Honorable Court, all arise! The Honorable, the United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable's Court may draw near, give their attendance, and they shall be heard. God save the United States of America and this Honorable Court. Good morning. Please be seated. Court is in session. Today's case will be called as previously announced, and the times will be as allotted to counsel. The first case today is number 23-1087, United States v. Manish Kumar. At this time, would counsel for the appellant please come to the podium and introduce himself on the record to begin. Good morning. May it please the Court, Edward Crane on behalf of Manish Kumar. The critical issue in this sentencing appeal is whether the government introduced sufficient evidence to establish that the loss amount exceeded $3.5 million. The government was required to prove this fact by a preponderance of the evidence. The government failed to do so. The government asserted that the total loss amount was approximately $3.8 million. Critical to this assertion was the underlying claim that the defendant sold approximately 3.7 million pills. The exhibits introduced by the government only showed that the defendant sold approximately 1.1 million pills. 1.1 million is far short of 3.7 million. When you say the exhibits introduced by the government, are you excluding the summary that was submitted? I take it the summary was put into evidence? Or it was submitted for sentencing purposes and could be considered by the Court. Is that the chart on page 42? I wouldn't consider that evidence. Under Rule 1006, why wouldn't that be evidence even in the middle of a trial as a summary of other documents? If you consider it evidence or if you don't, I think it's largely irrelevant. That chart needs to be supported. Those data points in that chart need to be supported by evidence, by some sort of underlying substance. I thought even in a full-blown jury trial, you can put in a summary of other voluminous documents and not put in the documents themselves, as long as you make them available to the opposing party. That may be the rule in a jury trial. I'm not entirely sure. So why would it be less demanding, or rather more demanding, in a sentencing hearing? I think that that chart itself, it needs to be in the data there. What does the data mean if not supported by some sort of evidence? And that's what counsel below is speaking about when he talks about the government has this scatter shot of documents that they put together as a mosaic. The mosaic needs to be supported by, again, some substance. But counsel, here it wasn't just the summary presented with nothing else. The government explained the summary, provided examples of the type of data that supported it, and the government's lawyer orally explained to the judge the process that they used to come up with their estimate. So why aren't all of those three things put together enough to satisfy the preponderance of the evidence standard here? Well, I think that the summary and the analysis that the government put forward, that's sort of beside the point here. I think the question is whether that analysis, whether the data that goes into sort of that equation is well supported. And here, the data may all ultimately be accurate, but there's a challenge to the data. And the evidence that was introduced by the government doesn't support those data points, the critical data point in the chart. But I think the government explained that it didn't provide all of the backup documentation that it had. It gave the court samples of the backup documentation. So I'm just wondering, given that the government was very clear about that, here are samples, here's the process we used from the samples. I think the government's lawyer even said to the court, do you need all of the backup documentation? The court said, it's okay, I understand your process. So again, looking at it holistically, what is missing to make it insufficient under the preponderance of the evidence standard? What's missing is additional exhibits that show that the defendant actually sold 3.7 million pills. The evidence needed to support that data in the chart. And I think it is important to focus on that point where Judge Wolf asks the government, or no, the government basically proffers to introduce more evidence. And Judge Wolf says, I don't need it. I think that's sort of almost at the crux of the mistake here. He needed to say, actually I do need more evidence, because the evidence so far, it doesn't actually support these data points. It doesn't support the fact that he sold 3.7 million pills. It only shows the sale of 1.1 million pills. Can I ask you another question, just on the question of whether any error by the judge would have been harmless? Didn't the district court make an alternative ruling that even if the enhancement had been 16 rather than 18, it wouldn't have made a difference to the sentence? Because the ultimate sentence that he gave was just at the top of the 16 level enhancement anyway? Am I getting that wrong? No, you're correct, Your Honor. But I think we wouldn't concede that they even established that the lower level, which is 1.5 million pills, 1.5 million as the loss amount. But did Mr. Kumar's counsel ever argue below that the loss would be less than $1.5 million? I didn't see that in the record, but perhaps you could point me to it. I don't believe he made that specific argument. His challenge was to the total loss amount. He didn't specify in any way what he thought the loss amount actually was. He challenged more so the fact that the government was putting together documents that, as he termed them, were a scatter shot of documents and putting them together as this mosaic. He didn't think that those things could be added up to what the government claimed. But if the district court made very clear, which I believe it did at the hearing, that the likely sentence would be the same, even if the enhancement had been 16, shouldn't Mr. Kumar's counsel have explicitly objected if he thought that the 1.5 million was improved either? Isn't it a waiver by the failure to object to that point? I'm not sure. I don't think that that... It strikes me as to be a little unfair to also require him to object to a hypothetical that if it was less than $3.5 million and I were to conclude that it was more than $1.5 million, that he would have to object to that because the finding made by the judge is that it was over $3.5 million. And I think that it ultimately comes down to how much has the government proven. And the exhibits show 1.1 million pills approximately sold. And the pricing is, say, $1. That doesn't get you to 1.5 million either. So the evidence here, we would assert that the evidence put in front of the district court wasn't even enough to get to 1.5 million. So bottom line, your basic position is that if there's a bunch of documents over here and there's a chart that summarizes them, the chart's insufficient by itself unless you put into evidence all of these other documents that the chart has. And that's what the chart summarizes. Yes, to some extent. I would say that that's an accurate summary of our position. The chart itself has to be, again, supported by evidentiary substance. It can't just stand alone. If the chart was there and there was no evidence to support it, I don't think that would be enough. It would have to support the primary data points within the chart. In stepping back to some extent, it seems to me what happened here was that Judge Wolf gave the government the benefit of the doubt here. There was a challenge to the evidence. Judge Wolf heard what the government had to say and basically, like I said, gave them the benefit of the doubt. Assume that they had provided sufficient evidence to support the data, the critical data in the chart. And really, when you get down to it, and it's a lot of data, unquestionably. It's a lot of data. It's a lot of spreadsheets. It's a lot you have to go through. I spent hours using a calculator trying to add all this stuff up. There's no claim, I take it, that your client was denied access to that data? No. No. But ultimately, when you do all the calculation, it doesn't support those data points. I think due process does require that this enhancement be proven by the evidence in here that hasn't been done. Thank you. Thank you, Counsel. At this time, AUSA Lockhart would introduce himself on the record to begin. Good morning. Donald Lockhart for the government, and may it please the Court. As Judge Chioda explained, Rule 1006 would have permitted us to introduce a chart like this at a full-blown trial without introducing the voluminous evidence underlying the chart. Here we have a sentencing hearing. The rules of evidence are more or less suspended. And the key point here is that in the district court, the defense attorney never once challenged the actual pill census or pill tally that went into that chart. And by that, I mean the actual adding up of the pills reflected in all of the spreadsheets. There were generalized claims about the hodgepodge of evidence, the scattershot evidence, the fact that the spreadsheets were numerous and dense. But never any effort to say, Judge Wolf, if you look at the spreadsheets, you're going to find that they don't add up to 3.859 million pills. Secondarily, there was no effort in the district court by the defense to fault us for not putting in the reams of spreadsheets that underlay the chart. So review is for plain error. You can't possibly say that there's a plain or obvious error in the 3.859 million pills. You can't say that there's a 3.859 million pill count number in a situation where it's just that there aren't, that all the spreadsheets haven't been introduced into evidence. It's hardly inferable from just the missing spreadsheets alone that that pill tally is incorrect or unsubstantiated. Counsel, can I just stop you there for a second? Are you saying that they waived any objection to the loss calculation? No. What I'm saying is they forfeited this particular issue. Waiver, of course, is different from forfeiture. Waiver subjects the claim to plain error review. What we're saying is that in accord with this court's jurisprudence, which says that a general objection does not preserve a specific one, we're saying that they never once drilled down in the district court on the issue that's now the marquee issue on our case. We're saying that there's a general objection to the loss calculation appeal, which is that the spreadsheets, if you looked at them, would not have actually enabled the government to show 3.859 million pills. But why is it a general objection when Mr. Kumar's counsel below very clearly objected to the government's loss calculation on the ground that there was insufficient evidence to support it? I mean, that's in the transcript. You never see in the transcript of the sentencing or in any of the sentencing materials filed by the defense the claim that's now being made here, which is that if you look at the spreadsheets, you're not going to come up with close to 4 million in pills. So are you saying that they had to do their own calculation and submit it to the court in order to fully preserve this issue? Because it's your burden. So why did they need to do that? Here's the key point, Your Honor. The case law is very clear that a district court judge can rely on undisputed facts in the PSR. Here, the chart set forth at page 12 of the sealed appendix was not disputed as to these figures. That is a chart that's in the record. It's in the PSR. The case law is very plain that Judge Wolf was permitted to rely on that close to 4 million dollar case law. That is a pill tally in the absence of any sort of defense objection to it. And here there was no such objection. And that matters, because in the absence of such an objection, review is for plain error on what I'll call the pill tally issue. And moreover, under the third prong of the plain error test, the defense can't show a reasonable probability that had those spreadsheets been entered into evidence, they would have failed to substantiate the claim. They would have failed to substantiate the close to 4 million dollar pill tally. But even if review is for clear error, even if the plain error standard doesn't apply, clear error review is highly deferential. It's clearly a situation where Judge Wolf accurately said that the numbers here are substantiated and indeed essentially undisputed, that the offense here involved fraud, fraud, fraud, fraud. And that these are the figures that go into the final pill tally. So we would submit that whether it's plain error review or clear error review, the result is the same. Unless there are questions on that issue, the defense had a flagship claim to the effect that the fraud guideline doesn't apply at all. That claim is missing from the reply brief. We're happy to discuss that. If the court wishes. Otherwise, we'll rest on the brief. Thank you. Thank you, counsel. That concludes argument in this case.